Judoe Simpson
delivered the opinion of the Court.
John Marshall, in 1820, made and published a will, whereby he gave to his wife, Elizabeth Marshall, all his estate, both real and personal, during her life; and after her death it was to belong to Anna Porter, the wife of Samuel Porter. He subsequently acquired a slave, and a tract of land upon which he resided at the time of his death. He died in 1845, having never either revoked or republished his will. His wife died a few days after her husband.
The County Court of Floyd, that being the county in which the testator resided at the time of his death, having established the will and admitted it to record, this suit in chancery was instituted by part of the heirs of John Marshall, for the purpose of contesting the validity of the will, and if they failed in that object, then to have a division of the property that the testator had acquired after its publication, which, they contended, did not pass, by it, to Anna Porter the devisee.
As respects personal property a will is to be construed as speaking at the death of the testator^ and a bequest of all the testator’s personal estate passes, as well slaves which lie possessed at his death as those which he owned at the publication of the will.
A jury having found in favor of the will, on an issue made involving all the questions relating to its validity, and no new trial having been moved for, or bill of exceptions filed exhibiting the testimony used on the trial of the issue, the only point that can now be considered, is in reference to the complainants’ right to a part of the subsequently acquired property of the testator.
As to personal property, a will is construed as speaking at the time of the testator’s death, and a general bequest of all the testator’s personal estate, embraces not only the personal estate owned by him at the time of the publication of the will, but all that he may own at the time of his death. Prior to the statute of 1800, (2 Stat. Law, 1546,) a similar construction was given to a will, as to slaves; and that statute, as has been determined, does not affect the construction, as to what slaves should pass by the will, but only prescribes the mode of passing such as the will should be construed as embracing: Walton's heirs vs Walton's executors (7 J. J. Marshall 58). This court has frequently decided that slaves will pass by a general bequest of all the testator’s personal estate. Although, therefore, the testator has not named slaves in his will, yet the language used, being “ all his personal estate,” is sufficient to pass, not only the slaves, if any, owned by him at the time the will was made, but all that he owned at the time of his death.
But as to land, a different rule of construction prevails. A will is not considered as speaking at any other time than that of its publication ; unless the contrary appears, according to a fair and rational interpretation of its language and provisions, to have been the testator’s actual intention. The mere fact that he has made, by his will, a general disposition of his land, or of all his estate, will not authorize such a deduction. But his intention to devise whatever interests in land he may own at his death, must be disclosed by the language used, or by the actual import of the provisions contained in the will; Warner's executors vs Swearin *3 gen and wife, (6 Dana 195.) Dennis et al vs Warder, (3 B. Monroe 173.)
Apperson for plaintiffs; /. ¿f W. L. Harlan for defendants.
A devise of all the testator’s lands is to be construed asembracing only-such lands as the testator owned at the publication of the will, unless a different intention is clearly expressed or necessarily implied.
The chancellor may decree partition ol lands descended.
In this will, the testator simply devised all his real and personal estate to his wife during her life, and after her death to Anna Porter, the wife of Samuel Porter. In this devise, according to the established doctrine, the testator contemplated only such interests in land as he owned when be published his will. There is nothing in the will which indicates a different intention. The testator declared his purpose to dispose, by will, of such “ worldly estate as it hath pleased the Almighty to bless him with.” No intention is manifested by airy thing contained in the will, to extend that purpose, so far as land was concerned, to any that he might subsequently acquire. It follows, therefore, that the land owned by the testator at the time of his death, and which he did not own at the time of the publication of his will, did not pass by it, but descended to his heirs at law.
The complainants were, as part of the heirs at law of the testator, entitled to a partition of the landed estate belonging to him, which hid not pass by his will. As this relief was claimed in the original bill, in the event that the will was established, there is not only no impropriety in decreeing it to the complainants in this case, but they had a right to demand it, as it was one of the objects of the suit, properly presented in the pleadings. The decree, therefore, dismissing the complainants’ bill was erroneous.
Wherefore, said decree is reversed, and cause remanded for a decree and further proceedings consistent with this opinion.